PITTS v. CYPRESS SHINGLE & LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. June 26, 1913.)

1. CORPORATIONS (§ 608*)—RIGHT TO MAINTAIN ACTION—PAYMENT OF LICENSE FEE.

Under Rev. Civ. St. 1911, art. 7399, providing that upon failure to pay a franchise tax and penalty, if any, within the time prescribed, the corporation failing shall forfeit its right to do business, which forfeiture shall be consummated by entry upon the margin of the record kept by the Secretary of State, and under article 7400, requiring notice as a prerequisite to forfeiture, a mere showing that a corporation had not paid its franchise tax and penalty within the prescribed time is not sufficient to defeat its right to sue; the statute requiring affirmative action by the Secretary of State.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2416–2419; Dec. Dig. § 608.*]

2. CORPORATIONS (§ 319*)—OFFICERS—ACTIONS BY CORPORATION—EVIDENCE.

In an action by a corporation, engaged in the manufacture of shingles, against the former president of the company to recover the purchase price of shingles, the proceeds of which defendant had converted to his own use, evidence that a check drawn by defendant in favor of another was in payment for shingles which had been left in the lumber yard and disposed of by the company with its own shingles was admissible, tending to show that defendant was not guilty of a conversion, even though the check was given before the corporate organization of plaintiff company was perfected.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.*]

3. TRIAL (§ 329*)—VERDICTS—SUFFICIENCY.

In an action for conversion, where defendant pleaded an offset, a verdict reciting that the jury found for plaintiff in a given sum, but that the offset was not considered as charged by defendant, should not be received, being manifestly insufficient because not disposing of all the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

4. TRIAL (§ 329*)—VERDICTS—CONSTRUCTION—SUFFICIENCY.

In an action for conversion, where defendant pleaded an offset and the jury returned a verdict reciting a finding for plaintiff, but that the offset was not considered as charged by defendant, the verdict cannot be construed as a denial of defendant's offset.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Appeal from Hardin County Court; W. W. Dies, Judge.

Action by the Cypress Shingle & Lumber Company against E. M. Pitts. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Singleton & Nall, of Kountze, for appellant. B. L. Aycock and A. L. Bevil, both of Kountze, for appellee.

REESE, J. The Cypress Shingle & Lumber Company instituted this action in the county court to recover of E. M. Pitts $975 alleged to be due and owing from defendant to plaintiff. It was alleged that defendant, one of the stockholders and former president of the

company, while in charge of the plant from August 10th to about December 21, 1910, appropriated to his own use money, being the proceeds of shingles manufactured and sold, for which he had failed and refused to account. Defendant denied generally and pleaded in offset certain indebtedness from the plaintiff to him. A trial was had with a jury which resulted in a verdict and judgment in favor of plaintiff for the amount sued for, from which, his motion for a new trial having been overruled, defendant appeals.

By his first assignment of error appellant complains of the overruling of his general demurrer to the petition. The petition is very loosely drawn. It is not as definite and specific as it should be in its allegations, but we think it is sufficient as against the general demurrer. The assignment is overruled with a suggestion that the petition be amended.

[1] The second assignment is overruled. The allegations of the plea which appellant proposed to file, in substance, that it being shown that appellee had not paid its franchise tax due on May 1, 1912, on said date and had also failed to pay the same with penalty prescribed by July 1, 1912, by reason whereof it had forfeited its right to do business and lost its right to prosecute this action, were not sufficient to avail appellant. The statute on the subject is article 7399, Revised Statutes 1911, which provides that, upon failure to pay such franchise tax and penalty (if any) within the time prescribed, "such corporation shall for such default forfeit its right to do business in this state, which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation, the words 'right to do business forfeited' and the date of such forfeiture; and any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any other courts of this state, except in a suit to forfeit the charter of such corporation; and, in any suit against such corporation on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation unless its right to do business in the state shall be revived as provided in this chapter." Article 7400 further provides that notice shall be given as a prerequisite to such forfeiture. The naked allegation of the plea that appellee had failed to pay the tax and penalty within the prescribed time could not avail appellant without the entry of forfeiture by the Secretary of State.

[2] The court erred in excluding, on objection of appellee, the check for $292 drawn by appellant in favor of Waterman, which appellant testified was given in payment of shingles which had been left on the yard and disposed of by appellee, with its own shingles. If the facts stated be true, appellee would have been liable only for the market value of these shingles, but the court overruled appellee's exception to that part of the answer pleading this item of offset, and the check was admissible as corroborating appellant's testimony on this point. That the check was dated prior to the formation of the corporation was not a valid objection. The question was not when the shingles were paid for but whether they were in fact appellant's individual property and had been disposed of by appellee for its own benefit. The third assignment of error must be sustained.

[3] The court charged the jury to find for appellant the amount of the indebtedness pleaded by him in offset of appellee's demand, if they believed that appellee owed the money. The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $975. Offset not considered as charged by defendant." Taking this language in its plain meaning, the jury only considered the evidence offered in support of appellee's demand and did not consider that offered by appellant in support of his offset and found that, without considering this, appellant owed appellee the amount claimed. Obviously such a verdict should not have been received.

[4] Are we at liberty to interpret the verdict as a finding that the jury did consider the offset pleaded and found against appellant on such issue? There is no warrant for this interpretation of the language of the verdict. Moore v. Moore, 67 Tex. 293, 3 S. W. 284. If the verdict had simply been in favor of appellee for $975, saying nothing about the offset, it might have been taken as a finding against it, as held in Pritchard Rice Milling Co. v. Jones, 140 S. W. 817. It would not be proper to dispose of appellant's rights (if he has any) by conjectures as to what the jury really did do, in the face of their plain declaration. The fourth assignment of error must be sustained.

There was no finding of interest by the jury, and no specific prayer for interest. We are inclined to think that the judgment for interest was improper.

It is not necessary to pass upon the sixth assignment of error. For the errors indicated the judgment is reversed, and the cause remanded.

Reversed and remanded.