LEACH et al. v. THOMPSON.	(No. 5724.)

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1917.)

1. INJUNCTION ☞191—ACTION—PLEADING—ANSWER—VERIFICATION.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4649, 4663, 4671, as to pleadings in injunction proceedings, plaintiff, in a proceeding to make perpetual a temporary injunction, is put upon proof of his case by an answer containing a general denial, although not sworn to; an answer under oath being essential only on motion to dissolve before final hearing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 410.]

2. APPEAL AND ERROR ☞759 — BRIEFS — CROSS-ASSIGNMENTS.

Cross-assignments of appellee, not briefed in accordance with the rules, will not be considered by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094.]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by Tennessee Thompson against T. E. Leach, trustee, and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Forrester & Stanford, of Waco, for appellants. Pat M. Neff and James E. Yeager, both of Waco, for appellee.

RICE, J. It appears from the record that on June 27, 1895, C. M. Thompson executed a deed of trust to T. A. Blair, trustee, for J. E. Stone, on 22¾ acres of land out of the Loftin league in McLennan county, to secure a note for $600. The acknowledgment thereof was taken by T. A. Blair, trustee, acting as notary, which was duly recorded in said county on July 1, 1895. Default having been made in the payment of said note when due, Blair, as such trustee, advertised and sold said land on November 12, 1900; the same being purchased by J. E. Stone, who received a deed duly acknowledged by said trustee therefor, which was on the 18th of October, 1901, duly recorded in said county. T. A. Blair died in 1910, and J. E. Stone in 1911, and T. J. Stone, D. E. Stone, and W. J. Dunklin were appointed and qualified as executors of the latter's estate. On the 1st of September, 1913, C. M. Thompson conveyed the land to Tennessee Thompson, whereupon the said executors, on the 28th of April, 1914, brought a suit in trespass to try title in the district court of McLennan county against him there-

for, claiming title thereto under said trustee's deed. Tennessee Thompson appeared and defended that suit, which is still pending, the merits of whose defense it is not necessary to state.

Thereafter, on the 11th of November, 1915, said executors appointed T. E. Leach substitute trustee under said deed of trust, who at their request advertised said land for sale on the first Tuesday in December, 1915, and this suit was brought by Tennessee Thompson to enjoin such sale, who, among other grounds therefor, alleged, in substance, that the acknowledgment to the deed of trust was void, because taken by the trustee as notary, and that the recording of the same was not notice to him, and that he was an innocent purchaser for value, without notice thereof. This petition was sworn to.

Appellants, who were defendants below, filed their original answer and motion to dissolve, which was duly sworn to; but it was never presented to nor acted upon by the court. Before the trial of the case appellants filed an amended answer, consisting of special exceptions to all the grounds for injunctive relief, and also containing a general denial. The court sustained all of appellants' special exceptions, except the one to the effect that appellee bought without notice of the trust deed and was an innocent purchaser for value. A temporary injunction was granted on December 6, 1915. On April 4, 1916, upon trial of said injunction suit upon the evidence before the court without a jury, the court rendered judgment perpetuating said temporary injunction, from which judgment this appeal is prosecuted.

[1] The court filed its findings of fact and conclusions of law, among which is the following:

"It is alleged in plaintiff's petition that C. M. Thompson, for a valuable consideration, conveyed to plaintiff by warranty deed the land in question. Plaintiff further alleges that he was an innocent purchaser, without notice of the trust deed in question. Plaintiff's pleadings were sworn to, as required by statute, and a temporary injunction was issued thereon. Defendants' amended answer was not sworn to, and therefore the allegations as above set out are taken by this court as confessed."

This finding is assailed by appellants on the ground that, since this is a proceeding to perpetuate the temporary injunction, and not a preliminary hearing in chambers, the court erred in taking as confessed the allegation in plaintiff's petition to the effect that plaintiff was an innocent purchaser without notice of the trust deed in question, because the same was sworn to, and defendants' amended answer was not sworn to, and by their propositions thereunder assert: (1) That an answer containing a general denial, although not sworn to, puts plaintiff upon proof of his case, in order to procure a perpetual injunction; (2) that an answer under oath is essential only on motion to dissolve

before final hearing—citing in support of their contention Vernon's Sayles' Civil Stats. arts. 4649, 4663 and 4671; Scales v. G. C. & S. F. Ry. Co., 35 S. W. 205; Murphey et al. v. Smith, 38 Tex. Civ. App. 50, 84 S. W. 678; Smith v. Palo Pinto Co., 60 Tex. Civ. App. 531, 128 S. W. 1193.

We agree with appellants in this contention. Article 4663, supra, provides that:

"The defendant to an injunction proceeding may answer as in other civil actions; but no injunction shall be dissolved before final hearing because of a denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath or affirmation of the defendant."

By article 4671, supra, it is provided that:

"The principles, practice and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with the provisions of this title or other law."

Under these articles it has been held, as shown by the cases above cited, that a general denial upon the part of the defendant puts the plaintiff upon proof of his case in a final trial, in order to procure a perpetual injunction. The court, therefore, erred in taking the allegations of plaintiff's petition as confessed and rendering judgment in his favor thereon.

[2] Appellee has filed a number of cross-assignments; but, since none of them is briefed in accordance with the rules prescribed for the government of this court, it will be unnecessary for us to consider same.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.