CROWELL & CONNER et al. v. HOWARD et al. (No. 1343.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1918. Rehearing Denied Feb. 13, 1918.)

1. RAILROADS ☞69—RIGHT OF WAY—CONVEYANCES—ESTATE ACQUIRED.

Where a conveyance of a strip of land to a railroad company, in consideration of $1 and the construction of the line of railroad through the grantor's property was in the usual form of a general warranty deed and contained the usual covenants, it vested the railroad company with title to the property, and not merely a right of way across it.

2. INJUNCTION ☞172—TEMPORARY INJUNCTIONS—DISSOLUTION—VERIFICATION OF ANSWER.

Where, in a suit for an injunction, defendant's answer contained general and special exceptions contesting plaintiff's right to maintain the action, and defendants also moved to dissolve the injunction on grounds among others, attacking the sufficiency of the petition to state a cause of action, and the court dissolved the injunction, after consideration of the questions of law, the order was not erroneous, though the equities of the bill were not denied under oath, as the statute requiring verification of an answer denying the allegations of a petition for an injunction does not apply to a dissolution on demurrer on full hearing.

3. JUDGMENT ☞251(1) — CONFORMITY TO PLEADING.

Where a deed to a railroad company conveyed the fee, and plaintiffs in a suit to restrain such company from extracting oil from the right of way did not sue to reform the deed or allege fraud, accident, or mistake in the execution of the conveyance, the court could not reform the instrument, but must determine the extent of the title conveyed by the recitals in the deed.

4. RAILROADS ☞73(1)—RIGHT OF WAY—USE OF LANDS ACQUIRED.

Where under its deed a railroad company owned the fee in a strip of land on which its road was constructed, it could not be restrained from extracting oil therefrom, notwithstanding Rev. St. 1911, art. 1164, providing that no corporation shall employ or use its property directly or indirectly for any other purpose than to accomplish the legitimate objects of its creation, or those permitted by law to be applicable.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by Crowell & Conner and another against P. L. Howard and others. From an order dissolving an injunction, plaintiffs appeal. Affirmed.

Kay & Akin, of Wichita Falls, and Miller & Miller, of Ft. Worth, for appellants. Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellees.

HALL, J. Appellants Crowell & Conner, a partnership, joined by Texas & Plains Oil & Gas Company, a corporation, instituted this suit against P. L. Howard and Weowna Oil Company, a corporation, Wichita Falls & Western Railway Company, a corporation, and Missouri, Kansas & Texas Railway Company, a corporation, joining as codefendant E. C. Schaff, the receiver of said companies, and Mason Bros., a partnership, to enjoin the appellees from boring oil wells upon the right of way of said railway companies, alleging that appellants held contracts from the owners, conveying to them all the oil under 150 acres of land, and empowering them to produce the oil therefrom. It is alleged that the defendant Weowna Oil Company is a corporation composed of employés of the Missouri, Kansas & Texas Railway Company, and that P. L. Howard is the manager of said corporation; that Mason Bros. are drillers, holding a contract with Weowna Oil Company to drill for oil on the right of way of said companies adjoining the lands of appellants. The defendants filed an answer in which they contested by exception the right of the plaintiffs Crowell & Conner and Plains Oil & Gas Company, to maintain this action, for the reason that the petition did not show that plaintiffs had any interest in the land described in their petition; this question being raised both by general and special exception. The defendants further answered, alleging that they owned a leasehold estate in the land by virtue of a lease duly executed by the railway company through its president and receiver, C. E. Schaff. Defendants also filed a motion to dissolve the injunction upon the following grounds: First, because the plaintiffs' petition was insufficient to show that they had a cause of action against defendants; second, because said petition is insufficient in that it does not disclose that the plaintiffs have any interest in the right of way of the defendant Wichita Falls & Northwestern Railway Company of Texas; third, because the Weowna Oil Company holds a valid oil, gas, and mineral lease from the owners of the fee of said land embracing a strip 100 feet wide and running across the Christopher Winters survey; that said land was acquired by deed from M. Dodson, conveying the fee-simple title to the same to the Wichita Falls & Northwestern Railway Company, and that the Missouri, Kansas & Texas Railway Company is the lessor and successor of the Wichita Falls & Northwestern Railway Company; that said railway companies have, through their duly authorized officers, granted to the defendant Weowna Oil Company the right to drill upon said strip of land for oil and gas, and, though it might be true that the drilling and operation of wells upon said land by defendants would draw oil from out of and from under the land leased by plaintiffs, yet defendants have the right under the law to operate such wells upon the land and plaintiffs have no right to complain thereof. The motion to dissolve was verified by the affidavit of one of the defendants. The motion was heard, and the court, after hearing all the evidence and considering the propositions of law raised by the exceptions of defendants, entered a general order sustaining the motion

to dissolve the injunction, from which order plaintiffs have appealed.

[1] On January 21, 1907, M. Dodson, of Wichita county, Tex., executed a general warranty deed, in the usual form, conveying to the Wichita Falls & Northwestern Railway Company a strip of land 100 feet wide across the Winters survey in Wichita county, for the consideration of $1 paid and the further consideration of the enhanced value to the remainder of Dodson's land by reason of the construction of the line of railway through his property. Upon its face it is a general waranty deed, containing the usual covenants, and its effect is to vest in the railway company the title to the property, and not merely a right of way across it. The company took possession of the strip of land, built a railroad on it, fenced the right of way, and has since been using it for railway purposes. On June 20, 1917, the railway companies leased said right of way to the Weowna Oil Company, empowering it to prospect for oil, gas, and other minerals. In the meantime Dodson and wife sold the remainder of the Winters tract to Drumheller & Wynne, by general warranty deed, describing the entire tract, "less the right of way of the Wichita Falls & Northwestern Railway Company." September 25, 1909, Drumheller & Wynne sold the land to W. T. Cropper, whose widow leased it to plaintiffs, Crowell & Conner and the Plains Oil & Gas Company. Plaintiffs drilled many shallow wells adjacent to the right of way, which produced from five to ten barrels of oil daily. Mason Bros., as drillers, were employed by defendants Weowna Oil Company and Howard to drill wells on the right of way property, and were proceeding to carry out their contract when stopped by the temporary injunction.

[2] The proposition is urged under the first assignment that the court erred in dissolving the temporary injunction, because the equities of the complainants' bill were not denied under oath either in the answer or motion to dissolve. In Smith v. Palo Pinto et al., 60 Tex. Civ. App. 531, 128 S. W. 1193, it is held that the statute requiring verification of the answer denying the allegations of a petition for injunction does apply to a dissolution on demurrer on full hearing. As disclosed by the judgment, the court dissolved the injunction after consideration of the questions of law. This assignment is overruled.

[3, 4] Under the second assignment of error it is urged that the plaintiffs' petition showed they were entitled to the relief sought because the acts of the defendant in sinking wells upon the right of way would drain the oil from plaintiffs' land, and that the railway company's title to the right of way did not vest them with title to the oil under the land conveyed to them. The evidence of Dodson and certain other facts shown in the record tend to prove that the contract between Dodson and the Wichita Falls & Northwestern Railway Company contemplated simply a conveyance of the right of way, rather than the fee. As stated, however, the deed, subsequently executed, conveys the fee. The plaintiffs did not sue to reform the deed, and the petition does not allege either fraud, accident, or mistake in the execution of the conveyance. Under the pleadings, therefore, we must determine the extent of the title conveyed to the railroad companies by the recitals in the deed, and cannot reform the instrument in this proceeding. Alfalfa Lumber Co. v. Mudgett, 199 S. W. 338. In Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S. W. 453, Judge Stayton said:

"The statute confers the right on such corporations [railways] to own the fee in lands, whether these be necessary to the operation of the company's business ·or not, though in the one case they are required to alienate them, but in the other not. There is nothing in the article evidencing an intention to take away from a railway company, so long as it owns the fee in land, the rights and powers usually incident to such ownership; and the power of the Legislature to do this may be questioned unless in a case where this may become necessary as the police regulation. The ownership of land, when the estate is a fee, carries with it the right to use the land in any manner not hurtful to others; and the right to· lease it to others, and therefore derive profit, is an incident of such ownership."

While it is true, as contended by appellants, that corporations are generally restricted to the objects of their creation, and but for the language just quoted, intimating that the Legislature would have no right to limit the powers of a railroad company over land owned by it in fee, when it was not such land as the law requires it to alienate, we would hold that article 1164, providing that no corporation, domestic or foreign, doing business in this state, shall employ or use its property directly or indirectly for any other purpose whatever than to accomplish the legitimate objects of its creation or those permitted by law to be applicable. Article 1164, title 25, chapter 3, is part of the statutory law applying to corporations generally, and but for the holding in the Calcasieu Company Case we would not hesitate to hold as the law of this case. Judge Stayton seems not to have considered this article of the statute at the time he rendered the decision in the Calcasieu Lumber Company Case. To the same effect is the case of Stephenson et al. v. St. Louis Southern Ry. Co. of Texas, 181 S. W. 569, in which writ of error was finally refused by the Supreme Court. The case of Right of Way Oil Co. v. Gladys City Oil & Gas Co., 106 Tex. 94, 157 S. W. 737, 51 L. R. A. (N. S.) 268, and Id., 137 S. W. 171, is not authority in this case, since it is clear from the language of the deed considered in that case that an easement only was conveyed.

Finding no reversible error, the judgment is affirmed.

HUFF, C. J., not sitting, being absent in Austin with committee of judges passing on applications for writs of error.