BAKER et al. v. DAVIS et al. (No. 611.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1920. Rehearing Denied Jan. 12, 1921.)

1. **Appeal and error** ☞1040(13)—**Overruling of exceptions to answers harmless where case was disposed of on merits by consent.**

Overruling of plaintiffs' exceptions to the unverified answers of defendant, the action being one for injunction, etc., was harmless, where by agreement of the parties the case was finally determined on the merits.

2. **Appeal and error** ☞1008(1)—**Trial court's fact finding will not be disturbed.**

The trial court's finding on a pure question of fact, as the area left in a school district which was divided, will not be disturbed.

3. **Schools and school districts** ☞39—**Creation of districts largely in discretion of board of education.**

The matter of establishing and maintaining school districts is left largely to the discretion of the county board of education, and, unless it is clearly shown that such discretion has been abused, the courts will not interfere.

4. **Injunction** ☞78—**Denial of injunction to correct dividing lines between districts not an abuse of discretion.**

As the question of the maintenance and creation of school districts rests largely in the discretion of the county board of education, the refusal of a mandatory injunction to cor-

rect the dividing line will not be deemed erroneous, though the trustees of the district seeking the injunction asserted that as the line was run numerous negro families were thrown into the second district, and that there was no schoolhouse for negro children in the second district, while the first district had a substantial schoolhouse for negro children, for the courts may well presume that when the necessity for a negro school should arise in the second district, it would be provided.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by A. E. Baker and others, trustees of the Common School District No. 58 of Nacogdoches County, known as the Bethel District, against R. F. Davis and others, trustees of School District No. 83, known as the Little's Chapel District, and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

V. E. Middlebrook, of Nacogdoches, for appellants.

S. W. Blount, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This suit was brought by the appellants in the district court of Nacogdoches county against the appellees, and from the judgment denying appellants any part of the relief sought they appealed to this court.

Appellants are the trustees of common school district No. 58 of Nacogdoches county, which district is called the Bethel district. The appellees are the trustees of common school district No. 83, called Little's Chapel district, the county board of education, and the commissioners' court of Nacogdoches county. Appellants' object in bringing the suit was to compel, by a mandatory writ of injunction, the county board of education to correct the dividing line between the Bethel and Chapel districts, which line, it was claimed, had been erroneously established, for two reasons:

(a) Because as established less than nine square miles of territory was left in the Bethel district.

(b) Because such division was unfair and inequitable to the citizens of the Bethel district.

The commissioners' court was sought to be enjoined from levying a tax on property in the Chapel district, as established, for the payment of bonds voted by the Chapel district for school purposes.

The petition for injunction was presented to Hon. L. D. Quinn, judge of the district court, on the 9th day of February, 1920, which was the first day of the February term, and by agreement of all parties the prayer for temporary injunction was to be heard on February 11th following. On the day last mentioned all the parties appeared, and by agreement the entire case was tried on its merits, and final judgment was entered denying appellants any relief as prayed.

In their answer to the petition of appellants the trustees of the Chapel district denied generally all the material allegations contained in the petition of appellants, and alleged specially that the dividing line as established between the Bethel and Chapel districts was duly authorized and approved by the proper authority of Nacogdoches county, and further that the line between said districts as established left within the Bethel district the required nine square miles of territory, and further that such division was not an unfair and inequitable division, but was fair, proper, and correct, all of which was determined by the board of education of said county, and that the judgment and discretion of said board was not subject to the control of the district court of that county, and it was prayed that the relief sought by appellants be in all things denied.

[1] The other appellees answered by adopting in toto the allegations contained in the answer of the trustees of the Chapel district. The answers of none of the appellees were verified, and for that reason they were duly excepted to by appellants, which exceptions were overruled, and complaint of that action is made here. Since, however, the case was disposed of upon its merits by agreement of the parties, as above shown, and final judgment rendered, the error, if any, on the part of the trial judge in this connection was harmless. This is really conceded by appellants' counsel. Vernon's Sayles' Civil Statutes, art. 4663; Smith v. Palo Pinto County, 60 Tex. Civ. App. 531, 128 S. W. 1193.

[2] With reference to the contention that the dividing line of which complaint is made by appellants left less than nine square miles of territory in the Bethel district, we will only say that, as reflected by the record in this case, the contention was purely an issue of fact for the determination of the trial court, and appellants' assignment on that point is overruled.

[3, 4] By the next and last assignment appellants complain that it was shown, practically without dispute in the evidence, that a number of negro families who formerly resided in the Bethel district had, by the dividing line complained of, been placed in the Chapel district, and that there was no schoolhouse for negro children in the Chapel district, while there was a substantial schoolhouse for negro children in the Bethel district before the division, and that, if the dividing line should be left as established by the county board of education, it would result in compelling the parents of these negro children to transfer them for school purposes back to the Bethel district, and also that such division amounted to an injustice to these negro families, since they would be compelled to pay taxes for maintaining buildings, etc., for school purposes in the Chapel district, when

they would get no benefit from any school in that district, and further that such negro families in the Chapel district would be compelled to transfer their state funds each year out of that district into the Bethel district, in order to get the benefit of their per capita of funds.

In disposing of this contention, it will suffice to say that the matter of establishing and maintaining school districts is left largely to the judgment and discretion of the county board of education, and, unless it be clearly shown that such discretion has been abused, no district court would be authorized to interfere therewith. There is nothing in this record that clearly indicates that the county board of education abused its discretion in establishing the line complained of. While it may be true that there was no negro schoolhouse in the Chapel district at the time this suit was filed, yet it seems to us that the presumption ought to be indulged by the trial judge that, when the necessity for such negro school should arise, the same would be provided for by the Chapel district. At any rate, we see nothing in this record that would justify us in concluding that the trial judge abused his direction in denying the injunction prayed for by the appellants in this case.

The judgment will therefore be affirmed.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes