## CRUSE et al. v. MANN et al.
### No. 2485.

Court of Civil Appeals of Texas. Beaumont.
July 23, 1934.

Rehearing Denied Sept. 19, 1934.

546

J. J. Collins, of Lufkin, E. M. Chester, of Beaumont, Lowe & Hightower, of Woodville, and Barnes & Barnes, of Beaumont, for appellants.

Smith & Sandlin, of Woodville, for appellee.

O'QUINN, Justice.

Appellants were on April 30, 1927, and prior thereto, stockholders in the Guaranty State Bank of Woodville, Tyler county, Tex., a banking corporation organized and existing under and by virtue of the laws of the state of Texas. On that date said bank by and through its duly authorized officers and board of directors, and by authority of a resolution of its board of directors duly passed by said board and spread upon the minutes, sold certain of its assets, and executed its certain promissory note in the sum of $8,500 secured by lien on its remaining assets, to the Citizens' State Bank of Woodville, whereby and in consideration of which said Citizens' State Bank assumed all of the obligations and liabilities of the said Guaranty State Bank, which said bank at said date was, and ever since has been, in an insolvent condition. The assets, obligations, and liabilities of said bank, as aforesaid, which were involved in the transfer, were matters which occurred in due course of the business of said bank. The transaction was made with the consent and at the special instance of James Shaw, the banking commissioner of the state of Texas. All the debts of said Guaranty State Bank were, in pursuance of said contract, paid off and fully discharged by said Citizens' State Bank.

In April, 1931, the said note of said Guaranty State Bank not having been paid, the Citizens' State Bank filed suit in the district court of Tyler county against said Guaranty State Bank for the unpaid balance of said note. S. W. Sibley, president of said Guaranty State Bank, was duly served with citation in said suit, and judgment by default was rendered against said defendant bank in November, 1931, for the sum of $6,-000, with 10 per cent. interest until paid. At the time said judgment was rendered, said Guaranty State Bank was still a banking corporation, and had paid its franchise tax to April 30, 1928, and had never been dissolved, although it had not engaged in the banking business since April 30, 1927, the date it sold its assets and business to the Citizens' State Bank.

May 13, 1932, the Attorney General of the state of Texas, by leave of the judge of the district court of Tyler county, Tex., acting for and on behalf of the state, filed in said court a bill of information in the nature of quo warranto, in the name of the state of Texas against said Guaranty State Bank, alleging, among other things, that there was an unsatisfied judgment against said bank; that said bank had no property or assets; that said bank had ceased to do business as a banking corporation, but that its charter had not been surrendered or forfeited; that said corporation was still in technical existence; that a receiver should be appointed with full authority to take charge of and wind up the affairs of said corporation; that an assessment should be levied against the stockholders of said bank to pay its debts; and that, upon the affairs of said bank being liquidated and upon final hearing, the bank should be dissolved and its charter and right to do business should be forfeited.

July 1, 1932, after notice served upon S. W. Sibley, president of said Guaranty State Bank, of the quo warranto proceedings, D. G. Mann was appointed by the judge of the district court of Tyler county, Tex., as receiver of said bank, with full authority to wind up its affairs, and power to file suits against its stockholders to collect any assessments that might be levied by the bank commissioner against such stockholders, and to do any and all things necessary to carry out the powers and duties expressly given said receiver. The said receiver, D. G. Mann, executed the bond required by the court, and was duly qualified as such receiver and entered upon his duties as such.

September 30, 1932, the banking commissioner levied a 100 per cent. assessment against all the stockholders of said Guaranty State Bank, and gave due notice of such assessment to each of said stockholders. Upon the refusal of said stockholders to pay said assessment, the receiver, D. G. Mann, and the banking commissioner, suing jointly, filed suit in the district court of Tyler county against each of the appellants herein, as such stockholders, for collection of said assessment. Whereupon appellants herein filed

their plea of intervention in the cause of the State of Texas v. Guaranty State Bank of Woodville, alleging numerous reasons, not necessary to be here stated, why the judgment which had been rendered against said Guaranty State Bank by default in November, 1931, was null and void, and therefore not a valid liability against said bank and its stockholders, and, among other things, asked that the court order the receiver to file a bill to review said judgment, and that said receiver and bank commissioner be ordered by the court to refrain from further prosecuting any suits against the interveners, appellants, or other stockholders similarly situated, until the further order of the court.

The court granted a temporary order restraining the prosecution of the suits against the stockholders on their assessments, and, after notice to the receiver and the banking commissioner, the matter was set for hearing on the 27th day of March, 1933. The hearing was had before the court without a jury. All exceptions of both interveners and respondents were overruled, and judgment entered dissolving the temporary order restraining the receiver and banking commissioner from prosecuting the suits against interveners, appellants, and denying to appellants the relief by them sought. This appeal is from that judgment.

■■■ Appellants' first complaint is that the sale and transfer by the Guaranty State Bank of its assets to the Citizens' State Bank in consideration of the Citizens' State Bank assuming liability for, and paying in full, all of the debts and liabilities of said Guaranty State Bank, and that the execution by the Guaranty State Bank of the note for $8,500 to pay the difference between the agreed value of the assets of said Guaranty State Bank so sold and transferred and the amount of the debts and liabilities of said bank assumed and paid by the Citizens' State Bank, amounted in law to a voluntary general assignment by said Guaranty State Bank of all of its assets to said Citizens' State Bank, which assignment was in violation of article 531, R. S. 1925, and therefore the transaction, being unlawful, was against public policy, and the $8,500 note, being given in part consideration for such transaction, was without legal consideration, and, the whole transaction being contrary to law and void, there was no legal basis for the attempted assessment against the stockholders to pay the judgment had on said note; and the stockholders, appellants, are entitled to an order requiring the receiver of said Guaranty State Bank to

institute an action to review, set aside, and annul said judgment.

This contention is not sound. The contract by which the Guaranty State Bank sold its assets to the Citizens' State Bank did not have for its purpose the preferring of one creditor of said bank over another, nor could it have that effect, for the contract provided that the Citizens' State Bank should pay in full all the depositors of said Guaranty State Bank, and also pay all of its outstanding cashier's checks. In other words, the Citizens' State Bank contracted to pay all the debts of the Guaranty State Bank, and it is not disputed but that it did do so. The note for $8,500 was given to cover the difference between the value of the assets transferred and the amount of the indebtedness of the Guaranty State Bank. The judgment mentioned supra for $6,000 was for the balance due on said note. It is well settled that the transfer, by a bank unable to meet its obligations, of all of its property and assets, either as a sale outright, or as security to another bank, which assumed its indebtedness, is not a voluntary general assignment of the business and affairs of the bank, in violation of article 531, R. S. 1925. Harris v. Briggs (C. C. A.) 264 F. 726; Tatum State Bank v. Woolworth (Tex. Com. App.) 65 S.W.(2d) 284.

What we have said disposes of appellants' second, fourth, and fifth assignments.

■■■ The insistence that, because appellees' answer to appellants' petition of intervention in which they prayed for restraining order was not verified, the court was not authorized to hear evidence and could not consider evidence offered under the unverified answer, but should have granted the relief sought by them, is overruled. Appellants sought by plea of intervention to collaterally attack the judgment rendered in the suit of the Citizens' State Bank v. Guaranty State Bank in November, 1931, which, being regular on its face, and the court having jurisdiction of the parties and the matter involved, they could not do. Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087. In the suit in which the judgment was rendered, the Citizens' State Bank was the plaintiff, and the Guaranty State Bank was the defendant. The president of the defendant bank was duly served with citation. That vested the court with jurisdiction over the parties, and it had jurisdiction over the subject-matter. The stockholders of the defendant bank were neither necessary nor proper parties to the suit, and so notice of the suit and service upon

them was not necessary for the rendition of judgment against the defendant bank. Rippstein v. Haynes Medina Valley Ry. Co. (Tex. Civ. App.) 85 S. W. 314. Accordingly, the judgment thus regularly rendered was in all things valid and binding upon the bank and its stockholders.

Furthermore, the burden was upon appellants, applicants for the injunction, to establish the facts entitling them to an injunction, even though the defendants, appellees, had filed an unsworn general denial and answer. This was a proceeding in which appellants sought to perpetuate a temporary injunction, and not a preliminary hearing in chambers. The answer containing a general denial, although not sworn to, put appellants upon proof of their case, in order for them to obtain a perpetual injunction. An answer under oath is essential only on motion to dissolve before final hearing, and, this not being a motion to dissolve, but upon final hearing, the court could not take the matters set out in appellants' verified petition as confessed. Article 4657, R. S. 1925; Leach v. Thompson (Tex. Civ. App.) 192 S. W. 602; Smith v. Palo Pinto County, 60 Tex. Civ. App. 531, 128 S. W. 1193; Crowell & Conner v. Howard (Tex. Civ. App.) 200 S. W. 911. Moreover, it appears that the court overruled all of the demurrers and exceptions of both parties, and heard the matter on the general pleadings and the facts adduced. The judgment denying appellants any relief and dissolving the temporary injunction theretofore granted followed. It is thus seen that ·the court found that under the pleadings and the proof appellants were not entitled to the relief prayed.

■ Appellants contend that, as the Guaranty State Bank had failed and refused to pay its franchise tax for some two years prior to the time when it was sued by the Citizens' State Bank for judgment on the note in question, said Guaranty State Bank, because of its failure to pay its franchise tax, was unable as a matter of law to defend said suit, wherefore its stockholders, under the law, must have assumed the burden of said defense, and, as they were not made parties to said suit and were not served with citation notifying them to appear and answer in same, the judgment so had was of no "force and effect," and the receiver should be' required to file suit to review and set aside said judgment, which said judgment is made the basis for the assessment against the stockholders, and, being invalid, could not be made the basis for such assessment.

This contention is without merit. Although said bank failed to pay its franchise tax, and in fact ceased to do the business authorized by its charter, its charter had neither been forfeited by the state nor voluntarily surrendered, but was all the time in existence, and therefore it possessed the right to defend itself against suits brought against it. In other words, though the bank had failed to pay its franchise tax, its charter not having been forfeited by judicial proceedings, or as permitted by article 7091, R. S. 1925, nor surrendered, under its charter it could defend suits against it, for as long as the charter existed its right to act thereunder existed. It was still a banking corporation, and had never been dissolved. To forfeit its charter for failure to pay its franchise tax, under articles 7091 and 7092, R. S. 1925, requires affirmative action by the secretary of state. Such forfeiture may not be presumed by merely showing failure to pay the tax. Pitts v. Cypress Shingle & Lumber Co. (Tex. Civ. App.) 158 S. W. 799; Millsaps v. Johnson (Tex. Civ. App.) 196 S. W. 202 (writ refused).

Appellants cite us to the case of Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.(2d) 56, as being similar on the facts and decisive in their favor of the point of law involved. The cited case is easily distinguished from the instant case on the facts. In the cited case the corporation had failed to pay its franchise tax and ceased to do business. The secretary of state had in compliance with article 7091, R. S. 1925, forfeited its right to do business by entering upon the margin of the record kept in his office relating to such corporation the words "right to do business forfeited" and the date of such forfeiture. In the instant case there was neither pleading or proof that such action had been taken by the secretary of state. In fact, no such action had been taken, and the Guaranty State Bank was in full contemplation of law an existing banking corporation. This is shown by the fact that the Attorney General instituted quo warranto proceedings against said bank to forfeit its right to do business, canceled its charter, and asked that a receiver be appointed to take charge of said bank and wind up its affairs, out of which proceedings the assessment against the stockholders of said bank arose. The distinction between the cited and the instant case is obvious. The cited case has no application to the facts of the instant case.

The judgment should be affirmed, and it is so ordered. Affirmed.