510

### FLUELLEN et al. v. COUNTY BOARD OF EDUCATION OF DALLAS COUNTY et al.

#### No. 5783.

Court of Civil Appeals of Texas. Amarillo.

May 12, 1947.

R. L. H. Rice, of Dallas, for appellants.

A. J. Thuss, Jr., Warren Cook, and Storey, Sanders, Sherill & Armstrong, all of Dallas, for appellees.

LUMPKIN, Justice.

The appellants in this case are four negroes, Fred Fluellen, John Gray, Wash Grant and Clayton Booth, who reside in the School Districts of Vickery, Walnut Hill, Addison, and Richardson. These school districts are located in Dallas County, Texas. The appellants are suing for themselves and on behalf of their minor children of scholastic age and on behalf of all other negro citizens and their minor children of scholastic age, who are similarly situated in these four school districts.

As named in appellants' petition, the appellees to this suit are The County Board of Education of Dallas County; Dr. Joe P. Harris, County Superintendent; The Board of Education of the City of Dallas; W. T. White, Superintendent of the Public Schools of the City of Dallas; the School Districts of Addison and Richardson, together with their superintendents, and the Vickery and Walnut Hill School Districts.

The objects of this suit as stated by appellants in their petition are these: The court is asked to grant a temporary restraining order forbidding appellees from disposing of or removing any of the property of the Bonner School; and, upon a final determination of the matter, the court is asked to declare void the action of the Dallas School Board in abolishing the Anderson Bonner High School, that the court command the appellees to provide equal and adequate high schools for negro children of high school age, and that the court order appellees to continue the Anderson Bonner High School as a high school for the education of negro children.

Briefly, these are the facts surrounding this case. Immediately north of Dallas,

Texas, are situated the contiguous Independent School Districts of Vickery, Addison, and Richardson and the Common School District of Walnut Hill. The Vickery Independent School District, which had previously been annexed to the City of Dallas for municipal purposes, was, in December, 1945, annexed to the Dallas School District; and in June, 1946, the Walnut Hill Common School District was added to the Dallas School District. Within the Vickery Independent School District is located the Anderson Bonner School. In their brief appellants refer to the Bonner School as the Anderson Bonner Rural High School, whereas appellees identify the school as the Anderson Bonner School. For the purposes of this opinion we refer to this building and school as the Bonner School. For some twenty years the Bonner School has furnished educational facilities, both elementary and high schoool, to the negro scholastics of these four districts. After the annexation of Vickery to the Dallas School District, the negro scholastics from the four districts were permitted to finish the school year which terminated June, 1946. At the conclusion of the school year, the Dallas Board of Education, determining that the facilities of the Bonner School were inadequate for both elementary and high school students, ordered the high school negro scholastics of Vickery and Walnut Hill to report to the Booker T. Washington High School for the next year. This high school is maintained by the Dallas Independent School District and is located in the City of Dallas for negro students of the high school grades. The Bonner School was to be continued as an elementary school for negro scholastics.

The trial court refused the appellants the temporary restraining order; and at a hearing on the merits, all relief was denied them. Appellants perfected this appeal to the Court of Civil Appeals at Dallas, and from there it was transferred to this court by the Supreme Court of Texas.

Appellants' appeal is predicated upon two points of error: First, the Board of Education of the City of Dallas, in abolishing the Bonner School for high school negro scholastics, committed an act of discrimination; second, the Dallas School Board was without authority to abolish a rural high school. The points raised in appellants' brief are directed against the Dallas School District. We, therefore, assume that appellants have abandoned their cause of action against all the appellees except the Board of Education of the City of Dallas, who submit as a counterpoint the proposition that appellants' suit is premature. The appellants, say this appellee, have failed to exhaust their administrative remedy by appealing their grievance, as provided by law, to the County Board of School Trustees and the State Superintendent of Public Instruction.

Appellee's counterpoint is based on Article 2686, Vernon's Revised Civil Statutes. This article provides that all appeals from the County School Superintendent shall be to the County Board of School Trustees; and the statute provides that should either party decide to appeal further, they may elect to appeal either to any court having proper jurisdiction or to the State Superintendent of Public Instruction. However, it is provided that the party appealing from the decision of the County Board of School Trustees must give five days notice of the course of appeal he intends to pursue. In this case the record discloses that appellants did little more than make informal inquiries concerning the transfer of the high school negro students from the Bonner School to the Washington High School at the administrative offices of the Dallas School District and informally protested to Dr. Joe P. Harris, the County Superintendent. No appeal was taken to the County Board of School Trustees, nor was five days notice of appeal given from the decision of the County Board of School Trustees as to which course of appeal appellants desired to pursue, nor was any attempt made to call their grievance to the attention of the State Superintendent of Public Instruction.

The law in this type of case is well settled. The burden rests upon those applying for an injunction to plead and prove affirmatively the facts necessary to entitle them to the writ. Where the petitioner fails to show that he had exhausted

512

his remedy of appeal to the school authorities as provided by statute, our courts have refused to review the administrative acts of trustees in determining the proper use of school property, in locating school buildings, in the classifying and grouping of scholastics, and in creating, changing and modifying school districts. South San Antonio Independent School Dist. v. Martine, Tex.Civ.App., 275 S.W. 265, also see 115 Tex. 145, 277 S.W. 78; Independent School District v. Salvatierra, Tex.Civ.App., 33 S.W.2d 790; Baker v. Davis, Tex.Civ.App., 227 S.W. 534. The appellants have not alleged an abuse of discretion, fraud, undue influence or the like on the part of the school authorities. In the absence of such pleadings and proof and in the absence of evidence that the statutory appeal to the various school boards and officials has been exhausted, the trial court was, in our opinion, justified in denying the appellants the relief they sought. Donna Independent School Dist. v. First State Bank of Donna, Tex.Civ.App., 227 S.W. 974; Bevers v. Winfrey, Tex.Civ.App., 260 S.W. 627; Maxey v. Noland, Tex.Civ.App., 31 S.W.2d 468; State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069; Johnson v. City of Dallas, Tex.Civ.App., 291 S.W. 972; County Trustees of Navarro County v. Bell Point Common School Dist., Tex.Civ.App., 229 S.W. 697; Jennings, County Judge v. Carson, Tex.Com.App., 220 S.W. 1090.

We have carefully reviewed all of appellants' contentions. We have determined that appellee's counterpoint is well taken; therefore, we affirm the judgment of the trial court.