### TOWNSEND v. DURFEE MINERAL CO. et al. (No. 9368.)

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1920.)

**1. Pleading ⚌8(11)—Allegation as to ownership of land a mere conclusion.**

Allegation, in petition of plaintiff seeking injunction, that at the time of the organization of defendant association and conveyance to its trustees of a certain survey, he owned an undivided fourth interest in the land, *held* a mere conclusion.

**2. Injunction ⚌118(3)—Petition against company and trustees to restrain issuance of stock and payment of dividends insufficient.**

Petition against mineral company and its trustees to restrain issuance of stock and payment of dividends to persons who signed trust agreement, not showing that the trustees were about to violate the terms of the agreement, they having the right to issue stock and pay dividends, *held* insufficient as against general demurrer.

Appeal from District Court, Wichita County; Wm. N. Bonner, Judge.

Suit by G. F. Townsend against the Durfee Mineral Company and others, wherein R. L. Durham and another intervened. From orders modifying temporary writ of injunction, plaintiff appeals. Orders set aside and vacated.

Smoot & Smoot, of Wichita Falls, for appellant.

W. D. Gordon, of Beaumont, for appellees.

DUNKLIN, J. G. F. Townsend and other tenants in common of the A. A. Durfee survey, situated in Wichita county, executed a certain trust agreement, denominated "Articles of Association and Declaration of Trust," in which W. D. Gordon and four others were named as trustees. On June 30, 1919, said tenants in common made a conveyance of the land to the trustees. At the time of such conveyance the trustees executed the following written agreement:

"The Durfee Mineral Company, herein represented by its trustees, to wit, W. D. Gordon, K. C. Barkley, B. A. Cordell, Geo. A. Smoot, and A. E. Borsum, hereinafter styled trustees, certified as follows:

"(1) At the instance of the tenants in common of the A. A. Durfee survey of land, patented on the 6th of May, 1889, to N. S. Walton, assignee, located in Wichita county, Texas, the trustees hereinabove named have associated themselves together under the laws of the state of Texas, as a joint-stock association under the name of Durfee Mineral Company, to enable the said tenants in common to convert their undivided interests as such tenants in common in said land in a like proportion of interest in the stock of the said association, and accordingly the said tenants in common have this day, by their joint deed, transferred, assigned, and conveyed to the said Durfee Mineral Company all of said land.

"(2) By a judgment rendered in the district court of Wichita county, Texas, in cause No. 1490, styled 'Ethel E. Cordell et al. v. Mrs. Forrest Moore et al.,' there was decreed on the 9th day of May, 1919, the several interests of the parties therein named in said land; and in the sale and conveyance, by lease or otherwise, of said land, the trustees obligate themselves to observe the interests so fixed and established, and credit to the parties holding certificates of stock in said joint-stock association in proportions therein stated.

"(3) In the event of conflict of claims other than fixed and established by said judgment, between all or any of the said tenants in common, the trustees are to be furnished with a written statement of such conflicting claims, and, when furnished, any proceeds in the form of dividends or certificates of stock involved in any controversy between said parties' interests shall be held by the said joint-stock association and its trustees in statu quo, or placed in escrow in the City National Bank of Wichita Falls, Texas, as the parties to such controversy may request, or such trustees may, if a majority so desire, place the same in escrow with such bank at any time until the determination of such controversy, if any there be. Whereupon the subject-matter of such controversy shall be forthwith delivered to the parties decreed in case of litigation, or by agreement in case of compromise thus shown to be entitled to the same.

"(4) The joint-stock association is capitalized with sixty-one hundred and fifty (6,150) shares of stock fully paid and nonassessable, par value one hundred ($100.00) dollars, and the interests of the respective parties, who

are cotenants, shall be in the same proportion in said stock, and all of said stock will be issued and delivered to the respective tenants in common, subject to the provisions stated in the next preceding paragraph, upon the final execution and delivery of the said deed of even date herewith.

"A copy of this certificate is herewith delivered to each of the tenants in common at the execution and acknowledgment by him, or her, respectively, of the deed to the Durfee Mineral Company, above referred to.

"In witness whereof we have hereto set our hands on this the 30th of June, A. D. 1919.

"W. D. Gordon.
"A. E. Borsum.
"B. A. Cordell.
"K. C. Barkley.
"Geo. A. Smoot."

On October 11, 1919, the trustees of the Durfee Mineral Company passed the following resolution at a meeting held by them:

"Whereas, certain protests have been filed with the trustees of this company since its organization, requesting that the stocks and dividends of different parties should be withheld, and not issued to the several parties in accordance with the rights fixed by their deeds, and fixed by judgments of the district court of Wichita county, Texas, antedating the organization of this company; and

"Whereas, it appears that no settlements or legal proceedings have determined the ownership of said stock interests and dividend interest, otherwise than as fixed by said deeds and judgments; and

"Whereas, it is the right of the different stockholders of this company to have their stocks issued to them, and not withheld indefinitely because of a mere protest being filed:

"Therefore be it resolved that said stock certificates shall be issued to the parties entitled thereto, as established by the trustees of this company, without regard to said protest at the expiration of fifteen (15) days from this date, unless by legal process this company shall be restrained from so doing. The parties seeking to restrain the issuance of such stock being required to furnish bond in such an amount as the court may fix in accord with the legal practices in such matters for the protection of those against whom they are lodging protest.

"Resolved, further, that a copy of this be mailed forthwith to each of the stockholders of this company."

G. F. Townsend instituted this suit against the Durfee Mineral Company and the said trustees to restrain the issuance of stock and the payment of dividends thereon, to which he alleged he was entitled under said trust agreement on the part of said trustees, to other financially irresponsible persons who, plaintiff alleged, had no right thereto. Plaintiff alleged that prior to the conveyance to said trustees by said tenants in common he was the owner of an undivided one-fourth interest in said Durfee survey, and was entitled to receive the same proportionate amount of capital stock in said association.

A copy of said agreement on the part of the trustees, and also a copy of the resolution passed by them, copied above, was attached to plaintiff's petition, and the petition contained this allegation, among others:

"That under and by virtue of such resolution, and in disregard of such trust agreement and memorandum, and in open violation thereof and of the rights of this plaintiff, such defendant company and a majority of the trustees and board thereof are threatening to issue, and unless restrained therefrom will issue, the whole or part of the stock or beneficial interest in such company, to which this plaintiff is entitled, to other persons, who have no legal right thereto, but who have filed with the board of trustees of defendant unjust and groundless claims therefor."

But the plaintiff did not attach to his petition a copy of the deed made to the trustees, nor a copy of the "Articles of Association and Declaration of Trust," nor a copy of the judgment rendered by the district court of Wichita county, styled "Ethel E. Cordell v. Forest Moore et al.," mentioned in the written agreement signed by said trustees; neither did the petition contain any allegation or showing of names of other tenants in common who joined in the conveyance to the trustees; nor is there any allegation in the petition of the names of other persons to whom it was alleged the trustees were about to issue the stock and dividends which plaintiff alleged he was entitled to receive. Plaintiff simply alleged in general terms that the trustees were about to issue stock and pay dividends to persons not entitled to receive them, which stock and dividends the trustees were bound to issue to him under the terms of their agreement, set out above.

The district judge, in chambers, and on an ex parte hearing, ordered the issuance of the temporary writ of injunction as prayed for. The trustees who were made defendants filed no answer to plaintiff's petition and took no steps to procure a dissolution of the injunction; but R. L. Durham and Thomas B. Lewis each filed a plea of intervention. Each intervener alleged that he was one of the grantors in the deed to said trustees of the Durfee survey, which was alleged in plaintiff's petition. In said plea it was admitted that the association was formed, and that the trustees executed the memorandum of agreement set out above; but interveners further alleged that, prior to the execution of said conveyance and the formation of said association, plaintiff owned only an undivided seven sixty-fourths interest in said survey, one-half of which interest he had conveyed to Geo. A. Smoot, and he owned only the remaining one-half at the time of the execution of said conveyance, and therefore he was entitled to that proportionate amount of stock in the association, but no more. Predicated upon said allegations, interveners prayed that the writ of injunction already

issued be so modified as to permit the issuance of such stock and payment of such dividends thereon to interveners, to which they were entitled.

Plaintiff filed a supplemental petition in reply to the pleas of intervention, controverting interveners' claim of ownership of the stock in controversy. But the supplemental petition was not verified. Plaintiff's original petition and plea of intervention were all duly verified. Upon the hearing of the plea of intervention the court so modified the temporary writ of injunction "as to not prevent the issuance of stock and the payments of dividends" to the interveners; the order further specifically decreeing "that the said Durfee Mineral Company shall be and is hereby permitted to issue and deliver" to the interveners such stock as they "may be entitled to in such Durfee Mineral Company," and also to pay to the interveners all dividends that may be due them on said stock. It was further recited in the orders of the court so modifying said writ that, when Durham's plea of intervention came on for hearing, the plaintiff appeared by attorneys, but failed to offer any evidence in support of his application for injunction, and that the supplemental petition filed by the plaintiff was unverified, while the pleas of intervention were both duly verified. It was further recited that, when the plea of intervention filed by Thomas B. Lewis was heard, plaintiff did not appear. Plaintiff has prosecuted this appeal from the orders of the court so modifying the temporary writ of injunction.

[1, 2] The allegation in plaintiff's petition that, at the time of the said organization of said association and conveyance to its trustees of the Durfee survey, he owned an undivided one-fourth interest in the land, was but a conclusion of the pleader. In the absence of the judgment referred to in the memorandum executed by the trustees, and in the absence of any other showing to warrant that conclusion of the pleader, it is impossible for any court to determine whether or not the conclusion is correct. It will be noted further that the petition contained no allegation of the names of the persons to whom the trustees were about to issue the stock, of which complaint was made; nor the amount of stock that would be so issued; nor whether the person about to receive same were parties to the judgment mentioned, and their respective interests fixed thereby; nor the amount of their interests so fixed. If the interveners were parties to the judgment referred to, and if by the terms of that judgment plaintiff was awarded an undivided one-fourth interest in the land, then, prima facie, interveners could not question plaintiff's right to the same proportionate interest in the stock in the association. But, in the absence of a copy of the judgment, it was impossible for the trial judge to determine whether or not the trustees of the association were about to violate their agreement relative to the issuance of stock. And the order modifying the writ, from which the appeal was prosecuted, in general terms, simply permitted the issuance of such stock and payment of such dividends to interveners as they are entitled to receive. By that order the trustees were left free to determine the merits of the conflicting claims of different persons to the stock and dividends in the association. It did not purport to determine any issue between the parties. The trustees had that right by virtue of the memorandum executed by them, and to which the different tenants in common agreed, and there was no proper showing that they were about to violate the terms of that agreement. In the absence of such a showing, the petition was insufficient, as against a general demurrer, to warrant the issuance of the writ in the first instance. Accordingly all of appellant's assignments of error are overruled.

Ordinarily, when appellant's assignments of error are all overruled, the judgment of the trial court is affirmed; but, in view of the conclusions stated, the orders of the trial court, granting the temporary writ and later modifying the same, will both be set aside and vacated, and this judgment will be certified to the trial court for observance. All costs of this court and of the trial court will be taxed against appellants.