## HARDING v. W. L. PEARSON & CO. et al.
### No. 1534—5849.

Commission of Appeals of Texas, Section A.
April 28, 1932.

Bliss & Daffan and Don A. Bliss, all of San Antonio, for plaintiff in error.

W. R. Montgomery, J. C. Hall, Albert Taylor, and Kennedy Smith, all of Edinburg, for defendants in error.

SHARP, J.

On April 28, 1929, in cause No. 6459, J. W. Harding recovered in the district court of Hidalgo county a judgment against W. E. Callahan, L. D. Crawford, W. L. Pearson & Co., and Hidalgo county, in the sum of $2,073.21, with interest thereon, and an execution was awarded against all of the defendants, except Hidalgo county, and that Callahan & Crawford have judgment over against W. L. Pearson & Co., and that W. L. Pearson & Co. have judgment over against Hidalgo county for that sum.

On April 4, 1930, in cause No. 7760, W. L. Pearson & Co. filed suit in the district court of Hidalgo county to set aside the judgment rendered on the 28th day of April, 1929, in cause No. 6459, alleging several grounds why the judgment aforesaid should be set aside, which will be set out in detail in the course of this opinion.

On April 3, 1930, a restraining order was entered by the court and notice served on Harding to appear on April 22, 1930, and show cause why an injunction should not issue. On that day the trial court heard the application for the issuance of the writ of injunction, and having heard the pleadings and testimony, denied the writ.

From this order Pearson & Co. took out a transcript, but did not have any statement of facts prepared showing the testimony introduced at the hearing, and same was transmitted to the Court of Civil Appeals at San Antonio. On May 28, 1930, that court granted the application for injunction without any bond "to remain in full force and effect until this cause is fully disposed of on its merits." 30 S.W.(2d) 403. A writ of error was granted.

Plaintiff in error contends that the Court of Civil Appeals erred in reversing the judgment of the trial court and rendering judgment that a temporary injunction be issued restraining J. W. Harding from enforcing the judgment rendered in the trial court.

In order to present the issues clearly, it will be necessary to state, in substance, the allegations embraced in the petition of W. L. Pearson & Co. filed in cause No. 7760, seeking an injunction restraining Harding from the enforcement of the judgment rendered in cause

No. 6459 on April 28, 1929. It is alleged by Pearson & Co.:

That W. R. Montgomery and W. H. Sadler, as attorneys, had the exclusive management of the case for Pearson & Co. in cause No. 6459. That Montgomery at the time was attending a session of the Legislature, and that Sadler had the exclusive management of the defense in that case. That Sadler at that time, was in a state of feeble health, and his mental faculties were temporarily impaired to' such an extent that he was unable to properly protect the interests of Pearson & Co., and that the company was absolutely unaware of his condition. That, after the verdict of the jury had been returned into court, the attorney of record for Harding, in cause No. 6459, prepared and procured to be entered the judgment in that cause. That in the judgment entered an agreement was recited 'that, in the event that judgment should be rendered in favor of the plaintiff against all the defendants, the defendants Callahan & Crawford should have judgment over against the defendant Pearson & Co., and that Pearson & Co. should have judgment over against Hidalgo county.

That the agreement actually entered into at the trial of the case was in no way similar to the judgment procured to be entered in that cause. That the attorney of record for Harding, through accident, inadvertence, or mistake, failed to submit said judgment to any of the attorneys representing the defendants in cause No. 6459, and that Pearson & Co. by virtue of said acts was wholly prevented and was wholly deprived of its rights to interpose whatever defenses it had to the cause of action set forth by Harding in that cause. That Pearson & Co. alleged that on September 22, 1925, it entered into a contract with Hidalgo county for the construction of certain levees in accordance with certain plans, etc., embodied in a written contract, across the lands set out and described in that contract. That it was provided for the construction on the part of Pearson & Co. of parallel levees over the floodway extending in an easterly and westerly direction through said county of Hidalgo to protect the land generally from damages caused by overflows from the Rio Grande river. That Hidalgo county contracted and agreed to furnish all rights of way, and further contracted and agreed to furnish or to acquire by condemnation of titles and easements from the landowners whose property would be affected by the levees, and that Hidalgo county further contracted and agreed to furnish the right of way well ahead of its work. That Hidalgo county informed plaintiff that complete rights of way had been procured, and that Pearson & Co., acting on that information, did construct certain levees in accordance with the contract; that it was agreed at the trial of the cause between defendants Callahan & Crawford, Hidalgo county, and Pearson & Co. that the W. L. Pearson & Co. was in no way liable for the damages, if any, sustained by Harding, and that this agreement and announcement was made in open court in the hearing of the attorney of record for Harding, and that the attorney of record for Harding, in spite of his own knowledge of this agreement, and inadvertent violation of his professional duty to the court, drew up the erroneous judgment. That, after the judgment was entered, Pearson & Co. was never informed of the result until the 22d day of March, 1930, which was due to the mental condition of Sadler. That it was due to the mental condition of Sadler that no appeal was taken from this judgment.

It is further alleged that Harding, during the month of March, 1930, procured the issuance of an execution and placed same in the hands of A. R. Baker, constable in Hidalgo county, Tex., and that he had seized certain property belonging to Pearson & Co., and that this was the first information that Pearson & Co. had of the rendition of the judgment. This petition filed by Pearson & Co. was verified. Harding filed an answer thereto, including among other things, a general demurrer, special exceptions, general denial, etc., but this answer was not verified.

The judgment entered in cause No. 6459 recites that Harding have judgment against Callahan & Crawford, Pearson & Co., and Hidalgo county for the sum of $2,073.21; that Callahan & Crawford have judgment over against Pearson & Co. and that Pearson & Co. have judgment over against Hidalgo county for that sum. The judgment further recites that Callahan & Crawford, Pearson & Co., and Hidalgo county excepted to the judgment rendered therein.

The evidence is undisputed, as shown by this record, that the trial court heard oral testimony touching the issue presented to him as to whether or not he would grant a writ of injunction restraining Harding from the enforcement of his judgment as prayed for.

██ The rule is well established in this state that to obtain a new trial after the expiration of the term something more than that injustice has been done must be shown. It must appear: (1) That the former judgment was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it; (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own; (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) the pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly. It has also been established that bills seeking relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by

courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Sharp v. Schmidt, 62 Tex. 263; Humphrey et al. v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Empire Gas & Fuel Co. v. Noble et al. (Tex. Com. App.) 36 S.W.(2d) 451.

The precise question as to whether the pleadings are sufficient to justify the trial court in granting a new trial and set aside the judgment rendered on April 28, 1929, in cause No. 6459, is not before us, and therefore upon that question we express no opinion.

The exact question before us for decision under the state of this record is this: Was the Court of Civil Appeals justified in reversing the judgment of the trial court refusing to grant an injunction and ordering that a temporary injunction be issued to remain in full force until this cause is fully disposed of on its merits? Let us briefly analyze the record before us. It is undisputed that Pearson & Co. filed its petition seeking to set aside the judgment rendered in cause No. 6459 at a prior term of the district court, and asked for a temporary injunction restraining Harding from the enforcement of his judgment rendered in cause No. 6459. The matter was set for hearing on April. 22, 1930. The petition filed by Pearson & Co. was verified. Harding's answer, among other things, contained a general demurrer, special exceptions, general denial, etc., but was not verified. The trial court heard oral evidence on the petition for injunction and refused to grant it. It is contended, and the Court of Civil Appeals so held, that the allegations in Pearson & Co.'s petition show a cause of action and were verified by affidavit as to their truth and verity, and, not being controverted by an answer verified by affidavit on the part of Harding, the allegations must be taken as true, and that the answer cannot be considered in considering injunctive relief.

The distinguished judge who wrote the opinion of the Court of Civil Appeals in this case overlooked the fact that the trial judge did not base his judgment solely upon the pleadings filed, but in connection with the pleadings also heard oral testimony, and upon both the pleadings and the evidence based his judgment.

The case of Gordon v. Hoencke (Tex. Civ. App.) 253 S. W. 629, and similar cases are cited as controlling in this case. In that case it was held that there is no rule of procedure requiring a trial judge on hearing an application for temporary injunction to permit the parties to introduce testimony or any other evidence other than the affidavits which are made a part of it or presented with the pleadings.

■■ With the soundness of the rule just stated we are not concerned here. It does not control. It is undisputed that the trial court heard oral testimony and based his judgment upon the pleadings and the testimony. He had the right under the law to hear testimony. That was within his sound discretion, and having exercised that discretion, unless shown to have been abused, it will not be disturbed. No such state of facts exists in this record showing that the trial court abused that discretion.

■ The rule is also well established in this state that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and that the court's action will not be disturbed on appeal, unless it clearly appears from the record that there has been an abuse of such discretion.

■■ Under article 4662, R. S. 1925, is stated what is required by litigants in briefing injunction cases in the Court of Civil Appeals or the Supreme Court, and that the case may be heard therein on the bill and answer and such affidavits and evidence as may have been admitted by the judge granting or refusing such injunction; that affidavits which are properly part of the petition and answer will come up with the transcript, but, where evidence was introduced, it must in some appropriate way be included in the record. Under such statute, and in the absence of evidence in the record to the contrary, everything must be presumed in favor of the judgment of the trial court. A statement of facts showing testimony . introduced and heard by the trial court does not properly accompany this record. Therefore it cannot be considered. Kell Milling Co. v. Bank of Miami (Tex. Civ. App.) 168 S. W. 46; Sutherland v. Cabiness (Tex. Civ. App.) 146 S. W. 331, 332 (writ denied).

■ The rule is settled in this state that a petition for injunction must clearly and distinctly state all the material and essential elements entitling the party to relief, and negativing every reasonable inference arising upon the facts so stated, that the party might not, under other pertinent supposable facts, be entitled to relief. Gillis v. Rosenheimer, 64 Tex. 246; Moody v. Cox, 54 Tex. 492; Martin v. Sykes, 25 Tex. Supp. 197; Carter v. Griffin, 32 Tex. 212; Smith v. Frederick, 32 Tex. 256; Harrison v. Crumb, 1 White & W. Civ. Cas. Ct. App. § 992; Cameron v. White, 3 Tex. 152; Henderson v. Morrill, 12 Tex. 1; Carlin v. Hudson, 12 Tex. 203, 62 Am. Dec. 521; Ferguson v. Herring, 49 Tex. 130; Whitman v. Willis, 51 Tex. 421; Spencer v. Rosenthall, 58 Tex. 4; Purinton v. Davis, 66 Tex. 456, 1 S. W. 343; Braden v. Gose, 57 Tex. 37; Wheeler v. Gray, 5 Tex. Civ. App. 12, 23 S. W. 821.

It will be observed from the pleadings of Pearson & Co. that the allegations of fraud are leveled at the attorney for Harding, and for that reason an injunction is asked re-

straining him from enforcing his judgment. We have carefully examined all the allegations contained in the petition upon that question, and fail to find any specific averments of fraud on the part of the attorney for Harding that would justify the trial court in granting an injunction restraining the enforcement of the judgment solemnly entered at a prior term of the court. Besides, if the petition did contain sufficient allegations to meet the test prescribed by the rule above stated, counsel for Pearson & Co., in their argument in writing filed in this court, admit the following: "This defendant never did, and does not now, charge plaintiff in error, or his attorney with 'fraud' in his petition. It is true fraud is generally alleged, and sufficient facts are well pleaded in said petition to support the charge, but those allegations are directed against the firm of Callahan & Crawford, in whose favor a judgment was rendered against Pearson & Company in cause No. 6459, and which judgment the defendant in error also seeks to set aside in said suit. No injunction was asked against the firm of Callahan & Crawford, or Hidalgo County; the cause is still pending against them on the merits, awaiting the disposition of this appeal."

Counsel for Pearson & Co. having admitted that it did not charge the attorney representing Harding of any fraud, and that no injunction was sought against Callahan & Crawford, or any of the other parties to the suit, except Harding, it is quite plain that the trial court was correct in refusing an injunction, and the Court of Civil Appeals erred in reversing that judgment and granting a writ of injunction as was done.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.