## MANN et al. v. PACE.
### No. 1440.

Court of Civil Appeals of Texas. Waco.
March 16, 1933.

Rehearing Denied April 20, 1933.

Wynne & Wynne, of Wills Point, for appellants.

J. S. Callicutt, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted in the district court of Navarro county by appellee, H. E. Pace, against appellants, E. L. Mann and B. A. McPhail, to immediately and perpetually restrain them from prosecuting a certain suit filed by them in the district court of Van Zandt county. Appellee alleged that he resided in Navarro county; that appellant Mann resided in Kaufman county and appellant McPhail in Smith county. Appellee alleged that appellants, on February 16, 1931, instituted a suit against him in Van Zandt county to establish a trust in their favor in and to an undivided two-thirds interest in the mineral estate in a certain tract of land situated in said county; that he filed his plea of privilege in said cause, alleging his residence in Navarro county and asking that the same be transferred to said county for trial; that thereafter, on May 3, 1932, the court entered an order sustaining said plea and transferring the cause to said last-named county; that no appeal was prosecuted from said order, and that the same had become final. He further alleged that said cause was actually transferred to the district court of Navarro county; that on August 11, 1932, judgment was rendered and entered therein that appellee recover said land of appellants, together with his costs, and that they take nothing therein; that no appeal was prosecuted from such judgment, and the same had become final.

Appellee further alleged that appellants thereafter filed another suit against him in Van Zandt county "involving the same subject matter as did the former suit"; that they did so for the purpose of vexing and harassing him; that jurisdiction of any controversy between him and them with reference to the title to said tract of land was, by virtue of the order of the district court of Van Zandt county on his plea of privilege, as aforesaid, vested exclusively in the district court of Navarro county. Appellee prayed for the immediate issuance of a temporary injunction restraining appellants from further prosecuting said suit and from instituting any other suit or suits against him with reference to said tract of land or any interest in the mineral estate therein, and that on final hearing the same be perpetuated. No other relief was asked.

The judge of the district court of Navarro county being absent therefrom because of sickness, appellee presented his petition to the judge of an adjoining district, who granted a writ in terms as prayed for. The right of such judge to act under the conditions existing is not questioned. The action of the court in granting said temporary injunction upon the allegations contained in appellee's petition is presented to this court for review.

## Opinion.

 This action is predicated upon appellee's contention that the order of the district court of Van Zandt county sustaining his plea of privilege in the original suit and transferring the same to Navarro county for trial fixed final and exclusive jurisdiction in the district court of the latter county of the cause of action asserted therein, and his further contention that appellants, in their second suit now pending in Van Zandt county, assert the same cause of action. Appellee did not attach to his petition in this cause a copy of appellants' petition in their second suit. He merely alleged, in substance, as above recited, that such suit involved the same subject-matter as the former one. Such allegation is a mere legal conclusion on the part of the pleader. Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561, 563, par. 2, writ refused; Shook v. Shook (Tex. Civ. App.) 145 S. W. 699, 707, par. 8, writ refused; Anderson, Clayton & Co. v. Terry (Tex. Civ. App.) 167 S. W. 1, par. 2; Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086, 1088, par. 2. The rule is settled in this state that a petition for injunction must clearly and distinctly state all the material and essential elements entitling the party to relief and negative every reasonable inference arising from the facts so stated that the party might not, under other pertinent supposable facts, be entitled to relief. Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964, 966, par. 7, and authorities there cited; Town of Refugio v.

Strauch (Tex. Com. App.) 29 S.W.(2d) 1041, 1045, par. 14; Dunn v. City of Austin, 77 Tex. 139, 144, 11 S. W. 1125; Roaring Springs Townsite Co. v. Paducah Telephone Co. (Tex. Civ. App.) 164 S. W. 50, 53, par. 2. Measured by the rules announced in the authorities above cited, appellee's petition was insufficient to support the injunction issued thereon.

 We deem it proper, however, to discuss other issues presented on the face of the record in this case. The transfer of the original suit to Navarro county vested the district court thereof with power and dominant jurisdiction of the subject-matter of the controversy of the parties over the rights asserted by them therein, and that court was thereafter entitled to proceed to judgment in the cause and had, during the pendency of such suit, power and authority in support of such jurisdiction to issue an ancillary injunction, returnable thereto, restraining the parties from instituting and prosecuting suits involving such controversy in any other court. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1072, par. 19, and authorities there cited. After that court had heard the cause, determined the rights of the respective parties, and entered its judgment declaring such rights and providing for their enforcement, it had continuing authority to prevent unlawful interference with such enforcement. 11 Tex. Jur. p. 728; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 264, 163 S. W. 577. Appellee nowhere alleged any attempt on the part of appellants to interfere with the enforcement of the judgment which he obtained in the original suit. For all that appears in his petition, he may have been at the time of the institution of such second suit and at the time of filing his petition herein, in actual, exclusive, and peaceable possession of the land involved and the mineral estate therein. The gravamen of his complaint is that appellants in such second suit seek to relitigate rights and issues which he claims were determined in his favor in the former suit. The institution and prosecution of such second suit does not constitute an interference with the enforcement of the judgment recovered by him in the former suit. We quote from Milam County Oil Mill Co. v. Bass, supra, page 264 of 106 Tex., 163 S. W. 577, 578, as follows:

"The power to enforce its judgments necessarily inheres in a court as an essential attribute of its jurisdiction, but there is a manifest difference between the enforcement of a judgment and the prevention of a suit which makes no attempt to obstruct its execution, but denies its conclusiveness upon what is alleged to be another cause of action. One is the exercise of the jurisdiction under which the court was empowered to render the judgment. The other involves the use of authority in excess of any power necessary to its enforcement, exerted not essentially in

aid of the judgment, but to afford immunity from litigation. A valid judgment should be effective to secure the benefits that it decrees; and its active office therefore continues for the full accomplishment of that result. Any interference with its enforcement or the due exercise of rights which it establishes would amount to a violation of the jurisdiction of the court as a hindrance to its power to put the judgment into effect and preserve its operative force. But to disregard a judgment through the institution of a suit is not necessarily to obstruct its operation. True it may draw the judgment into question through the denial of its effect, and the judgment may be so conclusive as to render the suit a groundless one; but the jurisdiction of the court is not invaded by the mere assertion of rights through such method, even in contravention of the judgment, so long as its operation is left unimpeded. If a court should entertain such a suit, and through want of jurisdiction or failure to accord to the judgment its legal effect render an erroneous decree, the remedy provided by our system for its revision and the readjudication, if needs be, of the conclusiveness of the judgment, is an appeal."

While the case from the opinion in which the above excerpt is quoted involved an attempt to prohibit the trial court from proceeding to hear the cause, as well as an attempt to restrain the plaintiffs therein from prosecuting the same, the principles of law enunciated control in determining the right to injunctive relief in such cases, whether prohibitive relief is sought therein or not. See, also, Farrell v. Young (Tex. Civ. App.) 23 S.W.(2d) 468, 470, par. 2.

The sole relief asked by appellee herein is that appellants be immediately, and on hearing, perpetually restrained from prosecuting said second suit, and also from instituting any other suit or suits against him with reference to the land involved, the mineral estate, or any other interest therein. Appellee therefore invokes herein original and independent equitable relief, as distinguished from equitable relief incident or ancillary to the exercise of the jurisdiction of the district court of Navarro county over the subject-matter of some litigation pending therein. The writ of injunction when issued in such cases must, except under circumstances not involved in this case, be granted by the judge of the court in which the suit in which proceedings are sought to be stayed is pending, and must be made returnable to and tried in such court. R. S. arts. 4643 and 4656. Such statutory requirements are jurisdictional. Seligson & Co. v. Collins, 64 Tex. 314, 315, and authorities there cited; Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806, 807, et seq.; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 32, 68 A. L. R. 377, pars.

1 and 2; Friedrich v. Brand (Tex. Civ. App.) 28 S.W.(2d) 279, 282, par. 3, and authorities there cited; Box v. Oliver (Tex. Civ. App.) 43 S.W.(2d) 979, 980, par. 2, and authorities there cited.

The injunction granted herein is dissolved.