### JACKSON v. REAGAN et al.
### No. 1612.

Court of Civil Appeals of Texas. Waco.
April 5, 1934.

J. M. Bonner and Ronald Smallwood, both of Tyler, for appellant.

John Y. Lawhon, of Troup, for appellees.

GALLAGHER, Chief Justice.

Appellant, Leavoda Jackson, on the 22d day of November, 1933, instituted this suit against W. O. Reagan, one of the appellees herein, in the district court of Smith county in form of trespass to try title to recover 90 acres of land situated in said county. Appellant, on the 8th day of December, 1933, filed his application for an injunction herein. He made C. P. Hamilton, justice of the peace, and W. R. Webb, constable of the precinct in which the land sued for is situated, additional parties defendant. Appellant alleged in said application that he was the owner in fee simple of the land sued for and had been in actual possession and had used and cultivated the same for a period of approximately fifteen years preceding the filing of such application, and that he had instituted this suit to establish his title thereto. He also alleged that he was a poor man with a dependent family and had no other place where he and his family could live. He further alleged that appellee Reagan had theretofore, in an action against him in forcible entry and detainer before appellee Hamilton as justice of the peace, recovered a judgment for the possession of the premises sued for and caused a writ of restitution to be issued on such judgment and placed in the hands of appellee Webb, who had executed same and dispossessed appellant of said premises. He also alleged that after such ouster he had regained peaceable possession of said premises. Appellant assailed the validity of said writ of restitution on the ground that the district court, upon the filing of this suit, acquired exclusive jurisdiction over the premises sued for, and that such filing in effect suspended or annulled the judgment of the justice court awarding possession thereof to appellee Reagan and rendered the subsequent enforcement thereof illegal. He further alleged that appellees were threatening to again dispossess him under such writ of restitution and would do so unless restrained. Appellant prayed for a temporary injunction restraining appellees, and each of them, from interfering with his possession of said premises or attempting to dispossess him until the final disposition of this suit. Said application was duly verified.

Appellees, on the 9th of December, 1933, filed an unverified answer herein, in which they alleged that appellee Reagan was the owner of the land sued for and that appellant's occupancy thereof had been as tenant; that appellant had held possession after the expiration of his term and appellee had thereupon sued and recovered the judgment aforesaid; that writ of restitution thereon had been duly executed; and that said Reagan was still in possession of the land.

The court, on the 9th day of December, 1933, heard said application and refused the temporary injunction prayed for therein. The order refusing such relief recites that both appellant and appellees appeared in person and by attorney and announced ready for trial, and that the court was of the opinion that appellant was not entitled to the temporary injunction sought by him. Whether testimony was or was not introduced at such hearing does not affirmatively appear.

Opinion.

Granting or refusing a temporary injunction rests largely within the sound discretion of the trial court and will not be revised unless it is apparent that such discretion was abused. Meyer v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, 666, par. 2, and authorities there cited; Dilworth v. Buchanan (Tex. Civ. App.) 275 S. W. 177, 178, par. 1; City of Waco v. Grimes (Tex. Civ. App.) 279 S. W. 312, 314, par. 2; Hudson v. Kerby (Tex. Civ. App.) 5 S.W.(2d) 1007.

The rule is well settled in this state that a petition for injunction must clearly and distinctly state all the material and essential elements entitling the party to relief, and negative every reasonable inference arising from the facts so stated that the party might not, under other pertinent supposable facts, be entitled to relief. Mann v. Pace (Tex. Civ. App.) 58 S.W.(2d) 1070, 1071, par. 2, and authorities there cited; Plough, Inc.,

v. Moore (Tex. Civ. App.) 56 S.W.(2d) 681, 682, pars. 6 and 7, and authorities there cited.

The essential elements of appellant's claim that he is entitled to an order restraining appellees from interfering with his possession during the pendency of this suit are his ownership of the land sued for and his present right to such possession. He alleged that he owned said land in fee simple and that he had held possession thereof for a number of years. While such allegation of ownership was pertinent in his suit in trespass to try title to recover the property sued 'for, as a basis for injunctive relief against the execution of a writ of restitution on the justice court judgment it was the mere statement of a legal conclusion. Blaisdell, Jr., Company v. Citizens' Nat. Bank, 96 Tex. 626, par. 2, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944; Townsend v. Durfee Mineral Co. (Tex. Civ. App.) 223 S. W. 876, 878, par. 1; Branch v. De Blanc (Tex. Civ. App.) 62 S. W. 134, 135 (2nd column); Mann v. Pace, supra, page 1071, par. 1, of 58 S.W.(2d), and authorities there cited; Hicks v. Murphy (Tex. Civ. App.) 151 S. W. 845, 846, par. 2 (writ refused); Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086, 1088, par. 2; Sanches v. Newman (Tex. Civ. App.) 158 S. W. 797. Appellant did not allege a present right to possession of said premises, but left the same to be inferred from his allegation of ownership. Of course, the mere filing of appellant's suit in trespass to try title did not of itself suspend or annul the justice court judgment nor render its enforcement unlawful. Pye v. Wyatt, supra, page 1088, par. 1 of 151 S. W.

The court did not abuse his discretion in refusing injunctive relief on the application presented.

The judgment is affirmed.