## WOOD v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI et al.

### No. 1753.

Court of Civil Appeals of Texas. Waco.

Oct. 3, 1935.

W. L. Eason, of Waco, for appellant.

D. Y. McDaniel and W. V. Dunnam, both of Waco, for appellees.

## GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the district court dissolving a temporary injunction theretofore granted in this cause. The injunction so dissolved was granted upon appellant's original verified petition without a hearing. Appellant alleged therein that the lot of land involved was formerly owned by one Keith and his wife; that they entered into a contract with one Howell to erect a house thereon for the sum of $1,800, the payment of which sum was secured by mechanic's lien thereon; that said debt and lien were transferred to appellee association. Appellant further alleged that on May 20, 1929, an extension agreement was entered into between said parties, and that in pursuance of said agreement said Keith and wife paid to appellee monthly thereafter the sum of $22.50; that the receipt of such payments was acknowledged by entries in a passbook furnished by appellee to them, by which entries such payments were apportioned, and $11.70 thereof appropriated to the payment of interest and $10.80 appropriated to so-called dues. Appellant alleged in this connection that appellee had adopted a system of selling stock to its borrowers and applying a part of the payments made by them as partial payments or dues on said stock, and that the purpose of the same was to enable appellee to charge usurious interest. Appellant did not deny that the apportionment of the payments so made by Keith and wife was based on a contract between appellee and said Keith and wife for the purchase by them of stock in said association, but merely alleged that if the Keiths ever signed such an agreement they were induced to do so by fraudulent representations made by appellee or its representatives.

Appellant further alleged that Keith and wife, on May 5, 1932, conveyed said property to one Taylor, and he thereafter, on November 25, 1932, conveyed the same to appellant. Appellant's petition contains no allegations with reference to the consideration for said respective conveyances, nor with reference to any agreement between the parties thereto concerning said incumbrance thereon, nor with reference to recitals, if any, concerning the same contained in said respective conveyances.

Appellant further alleged that beginning May 20, 1929, and continuing until April 6, 1932, the respective owners of said property paid monthly on said indebtedness the sum of $22.50; that said payments amounted in the aggregate to $1,270; that in addition thereto other small payments increased the total amount paid to $1,292.75; that said extension contract was usurious and that the entire amount so paid should be applied in discharge of the principal of said debt, and that, if so applied, a balance of only $507.75 thereof would remain unpaid, which amount appellant alleged he had tendered to appellee and which he offered to pay into court. Appellant further alleged that appellee had refused his aforesaid tender and had caused appellee Lockwood, as substitute trustee, to advertise said property for sale under the terms of the

deed of trust given by Keith and wife to appellee association to secure said debt. Appellant prayed for a temporary injunction restraining appellees from selling said property pending trial of the case. The court granted an injunction in accord with the terms of appellant's prayer.

Appellees thereafter filed a pleading which they called their original answer and motion to dissolve said injunction. Said pleading consisted of a general demurrer, special exceptions, and defensive allegations of fact. It was not verified. The court, treating said pleading as a motion to dissolve, set the same for hearing and caused notice thereof to be served on appellant. Such hearing was eventually had, and said injunction dissolved. The order of dissolution recites that both parties appeared at such hearing by counsel, that no testimony was introduced, but that the same was made upon consideration of appellant's petition and appellees' motion to dissolve. Appellant in open court excepted to said order and gave notice of appeal.

Appellant states in his brief that the only question presented to this court for determination is whether a temporary injunction can be dissolved without a verified denial of the material averments of the petition. The answer of the defendant and his motion to dissolve the temporary injunction may be combined in one proceeding, as was done in this case. When such pleading is not verified, it may be treated as a demurrer. 24 Tex. Jur. 274; Arcola Sugar Mills Co. v. Rodriguez (Tex. Civ. App.) 18 S.W.(2d) 844, 845, par. 2; Carter v. Griffin, 32 Tex. 212, 213, par. 2; Crowell & Conner v. Howard (Tex. Civ. App.) 200 S. W. 911, 912, par. 2; Smith v. Palo Pinto County, 60 Tex. Civ. App. 531, 128 S. W. 1193. The general demurrer and special exceptions contained in appellees' answer were therefore available as grounds for the dissolution of the temporary injunction. Appellant was represented by counsel at the hearing. No objection or exception to the procedure at such hearing is shown. Absent something to indicate the contrary, it will be presumed that the trial court followed the law and considered appellees' unverified motion to dissolve merely as a demurrer to the legal sufficiency of the allegations of fact upon which appellant based his prayer for restraint.

Appellant, in this connection, further contends that the allegations of fact in his petition were sufficient to show that the original extension agreement between appellee and the Keiths was usurious and that all payments made by them and their successors in title, including himself, should be applied in reduction of the principal, and that, having tendered appellees more than sufficient money to satisfy the remainder due after such application, the sale of his property by the substitute trustee should be restrained. The rule is settled in this state that a petition for an injunction must clearly and distinctly state all the material and essential elements entitling the party to relief and negative every reasonable inference arising from the facts so stated that the party might not, under other pertinent supposable facts, be entitled to relief. Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964, 966, par. 7, and authorities there cited; Mann v. Pace (Tex. Civ. App.) 58 S.W. (2d) 1070, 1071, par. 2; Jackson v. Reagan (Tex. Civ. App.) 70 S.W.(2d) 446, 447, par. 2. The allegations should consist of specific averments of fact and not mere conclusions of the pleader. Mann v. Pace, supra, par. 1; Jackson v. Reagan, supra, par. 3.

Appellant's petition is voluminous. In asserting that said extension agreement was usurious he merely refers to his petition as a whole. The affirmative facts alleged therein, apart from conclusions of the pleader, merely show that appellee claimed to have sold stock to the Keiths and that it asserted the right to appropriate and did appropriate a sufficient amount of each monthly payment by them and their successors in title, including appellant, to the discharge of the current monthly interest due on the entire debt, and the remainder to the payment of dues or installments on the purchase price of said stock. Such a general plan of operation is in accord with the provisions of article 881a—1 et seq., Vernon's Annotated Civil Statutes, and does not of itself render the contract usurious. Considering appellant's petition as a whole and excluding legal conclusions, we do not think that it shows affirmatively that said extension agreement was usurious. Wood v. Continental Savings & Bldg. Ass'n (Tex. Com. App.) 56 S.W.(2d) 641; Hampton v. Guaranty State Building & Loan Ass'n (Tex. Civ. App.) 63 S.W. (2d) 873, 875, par. 1.

There is, however, another reason why appellant failed to show himself en-

titled to an injunction restraining appellee from enforcing the payment of its entire debt by the sale of the property. The extension agreement which he alleged to be usurious was made by and between appellee and the said Keiths. Appellant did not claim to have been in any way a party thereto. He based his right to assert usury as a defense to the enforcement of a part of appellee's claim solely on the ground that he was at the time the owner of the incumbered property. He did not disclose in his petition the actual terms of the sale of said property by the Keiths to his immediate vendor, Taylor, nor the terms of the sale of the same by Taylor to him. Neither did he disclose whether any recitations concerning said indebtedness or the lien securing the same were made in either of the conveyances by which said sales were effected. The rule is well established that usury cannot be pleaded by a purchaser who assumes a usurious debt or obligation as part of the purchase price. Such rule is based on the well-established principle that where a party buys property and in the purchase assumes to pay off and discharge an existing lien thereon, he thereby becomes personally liable for the lien debt and cannot dispute its validity. National Bond & Mortgage Corporation v. Mahanay (Tex. Com. App.) 80 S.W. (2d) 947, 950, par. 2; Cordell v. Lincoln Nat. Life Ins. Co. (Tex. Civ. App.) 60 S. W.(2d) 474, par. 1, and authority there cited. The further rule prevails in this state that where the owner of property has incumbered the same with a lien to secure a specific indebtedness, and thereafter conveys such property to another subject thereto, the amount of the indebtedness so secured constituting a part of the consideration for such conveyance, and the purchase price being abated in the amount thereof, the purchaser will not be permitted to deny the validity of either such debt or lien. National Bond & Mortgage Corporation v. Mahanay, supra, 80 S.W.(2d) 947, pages 950, 951, pars. 3 and 4, and authorities there cited; Kansas City Life Ins. Co. v. Hudson (Tex. Civ. App.) 71 S. W.(2d) 574, 576, pars. 2 to 4, inclusive, and authorities there cited. Appellant, having alleged that he was a subsequent purchaser of property charged with a lien to secure a debt which he claimed was usurious, had the burden, under the authorities hereinbefore cited, of alleging affirmative facts showing that he occupied a position

which entitled him to urge usury as a defense in whole or in part to the claim which appellee sought to enforce against such property, and of negativing every reasonable inference arising out of the situation that he might not, under other pertinent supposable facts, be entitled to do so. His allegations were insufficient to meet such test, and his petition was therefore insufficient in law to support the injunction granted, and the same was properly dissolved.

The order of the trial court is affirmed.