## THOMPSON et al. v. HARRISON.
### No. 1812.

Court of Civil Appeals of Texas. Waco.
Oct. 24, 1935.

C. S. Bradley, of Groesbeck, for appellants.

P. O. French, of Fairfield, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order granting a temporary injunction. Appellee, R. E. Harrison, on August 5, 1935, instituted this suit in the district court of Freestone county against appellants Ernest O. Thompson, C. V. Terrell, and Lon A. Smith, composing the State Railroad Commission, L. G. Phares, chief officer of the state highway patrol, and all commissioned peace officers of the state and their deputies, wherever located. Appellee alleged that he resided in Harris county, and that the named appellants all resided in Travis county; that he was the owner of six motortrucks equipped and being used for transporting freight on the various highways of the state, and that he had duly registered the same in Harris county; that he had contracted with various shippers of freight residing in the city of Houston to transport any and all freight desired by them to be transported within the state and over such state highways during the remainder of said year 1935; that he had incurred the expense of purchasing such trucks and registering the same to enable him to perform such contracts; and that for performing the same he would realize a profit of several hundred dollars. He further alleged that the several members of the Railroad Commission, as aforesaid, in the purported administration of their offices, were attempting to, and would, unless restrained, interfere with and prevent the performance of such contracts by him, and were threatening to cause his arrest and the arrest of his agents, servants, and employees in event he attempted to perform the same. He further alleged that, by reason of the acts and threatened acts of the named appellants, he had been damaged prior to the date of filing suit in the sum of $1,000. He prayed that appellants, and each of them, be enjoined and restrained from interfering with him in the operation of his trucks and the performance of his contracts as aforesaid, and that on final hearing he have judgment perpetuating such injunction and awarding him the damages alleged. Appellee presented said petition, and the court granted a temporary injunction thereon, returnable November 4, 1935, restraining appellants from molesting, interfering, with, or preventing appellee and his employees from operating any or all of his said motor freight trucks over the highways in this state and from molesting appellee and his employees in the performance of said contracts or preventing them from performing the same. Appellants, on August 10, 1935, perfected an appeal to this court.

### Opinion.

■ Appellants assail the sufficiency of appellee's allegations to sustain the in-

junction granted. The highways of Texas belong to the state, and it has the right and authority to permit vehicles for hire to run over them under such rules and restrictions as it may see fit to impose or to prohibit their use for such purpose. The state has created the Railroad Commission as its agent, to act for it in determining whether or not trucks shall be permitted or licensed to operate over particular routes and to regulate them in such operations. Vernon's Ann. Civ. St. art. 911b, § 1 et seq.; Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.(2d) 505, 507, par. 1; Railroad Commission of Texas v. Interstate Motor Freight Lines, Inc. (Tex. Civ. App.) 77 S.W.(2d) 1100, 1101, par. 2, and authorities there cited. Under the terms of said article, appellee, according to his allegations, was operating as a contract carrier. No contract carrier is authorized to operate as such upon the highways of this state without having first obtained from the Railroad Commission a permit to do so and having complied with all the requirements of the law. Article 911b, § 3. The Railroad Commission is specially vested with power and authority and charged with the duty of supervising and regulating the transportation of property for compensation or hire by motor vehicles on the public highways of this state. Id. § 4. The violation of any provision of said article or failure to comply with any lawful order of the commission is made a misdemeanor, and any authorized inspector for the commission has power and authority to make arrests for any such violation. Vernon's Ann. P. C. art. 1690b.

■ The rule is settled in this state that a petition for an injunction must clearly and distinctly state all the material and essential elements entitling the party to relief and negative every reasonable inference arising from the facts so stated that the party might not, under other pertinent supposable facts, be entitled to relief. Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964, 966, par. 7, and authorities there cited; Mann v. Pace (Tex. Civ. App.) 58 S.W.(2d) 1070, 1071, par. 2; Jackson v. Reagan (Tex. Civ. App.) 70 S.W.(2d) 446, 447, par. 2. The allegations should consist of specific averments of fact and not mere conclusions of the pleader. Mann v. Pace, supra, par. 1; Jackson v. Reagan, supra, par. 3. Since appellee did not allege that he had a permit to operate as a contract carrier, he showed no right to use the highways of this state for such purpose, and both he and his employees were lawfully subject to arrest while so operating. His allegation that such arrests would be unlawful was a mere conclusion and without effect in an application for injunctive relief. Mann v. Pace, supra.

The injunction is dissolved.