**L. H. KUDER et ux., Appellants,**

v.

**A. J. CRAWFORD et al., Appellees.**

**No. 7461.**

Court of Civil Appeals of Texas.

Amarillo.

April 26, 1965.

H. B. Porter, Dumas, for appellants.

Lovell & Lyle, Dumas, for appellees.

NORTHCUTT, Justice.

On or about February 4, 1963, L. H. Kuder filed a suit in Cause No. 4014, styled L. H. Kuder v. Jerry Powell and A. J. Crawford, in the District Court of Moore County, Texas, seeking to enjoin the defendants from selling certain property known as Lots 9, 10, 11, and 12, Block 151 of the original town of Dumas, Moore County, Texas, under a deed of trust.

The defendant, A. J. Crawford, appeared and answered plaintiff's original petition in said Cause No. 4014 by a general denial and cross-action against plaintiff, L. H. Kuder, to recover the sum of $56,529.75, as evidenced by two certain promissory notes and to foreclose the deed of trust lien securing the payment of said notes. Powell, being the trustee in said deed of trust, and having no interest in this appeal, will not be considered any further herein.

No trial was had in Cause No. 4014 but a consent judgment was entered therein on May 2, 1963. Thereafter, on June 11, 1963, L. H. Kuder and wife Earline Kuder, by and through a different attorney, filed in Cause No. 4014 their motion stating the consent judgment should be reviewed and also asked the court to set aside said consent judgment and grant them a new trial and for general relief. A hearing on said motion was set for July 11, 1963, at 10:00 o'clock a. m. On that same date, July 11, 1963, the court entered its order holding the court no longer had jurisdiction in the case to make any findings whatever. The judgment having been signed and executed more than thirty days before the filing of the request to set said judgment aside, the judgment had become final and the court had no right to set the same aside only by proper pleadings and evidence showing meritorious defense which the applicant was prevented from making by fraud, accident or wrongful acts of the opposite party unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996. The plaintiff excepted to such order and gave notice of appeal but never perfected his appeal.

On August 2, 1963, Mr. Kuder and wife, Earline Kuder, filed suit in Cause No. 4127 styled L. H. Kuder and wife, Earline Kuder v. A. J. Crawford and Jerry Powell, in the District Court of Moore County, Texas, involving the same issues as those determined in Cause No. 4014.

The consent judgment entered on May 2, 1963 recited: "This cause came on for trial, and came the plaintiff, L. H. Kuder, *in person* and by his attorney of record, and also came the defendant, Jerry Powell, *in person* and by his attorney of record, and also came the defendant, A. J. Crawford, *in person* and by his attorney of record. * * *" The consent judgment further provided: "The parties, and each of them, *in open court,* by and through their respective attorneys, announced that they had agreed upon a settlement of all matters and controversies involved in this suit upon the following basis:" (Emphases ours.) The judgment then set out in full the terms of the agreement. The judgment was signed and executed on the same day the agreement was made in open court and also entered of record, all as provided by Rule 11, Texas Rules of Civil Procedure.

Rule 306a provides: "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein." The judgment here involved shows to have been signed May 2, 1963. On June 11, 1963, Kuder filed his motion praying that the consent judgment be set aside; that a new trial be granted; and for general relief. At the time of making such motion for new trial the consent judgment had become final under Rule 329–b, Section 5. Thereafter, the motion was heard and the court held it no longer had jurisdiction in the case to make any findings whatever. From that order Kuder gave notice of appeal but never per-

**24**

fected his appeal. The motions filed in Cause No. 4014 and No. 4127 seeking to set aside the consent judgment involve the same matters and will be considered as bills of review. If the first motion was considered as a motion for new trial; naturally, said motion would be too late as the judgment had already become a final judgment. After the court had overruled the first bill of review and Kuder having excepted and given notice of appeal but failed to perfect his appeal, he could not be heard to complain by filing another bill of review covering the same matters.

 It is stated in the case of Alexander v. Hagedorn, supra, 226 S.W.2d at 998, as follows:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App., 208 S.W. 2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al., Tex. Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, 'Endless litigation, in which nothing was ever finally determined, would be worse

than occasional miscarriages of justice.' Pico v. Cohn et al., 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159."

Appellants did not comply with the rules set out in the above mentioned case.

 We do not believe under this record appellants have complied with the rules of proof nor procedure to entitle them to the relief sought.

Judgment of the trial court is affirmed.